IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROADIE, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 17-1079 |
| BAGGAGE AIRLINE GUEST | : | |
| SERVICES, INC. and BAGS, INC. | : | |

**MEMORANDUM**

**KEARNEY, J.** November 2, 2017

Two federal courts should generally avoid deciding the flip side of the same issue between the same parties. We should carefully scrutinize a Delaware citizen's request for a declaratory judgment of noninfringment of a patent which it filed after being sued in Florida for infringing the same patent. When, as today, the convenience of the parties and witnesses weighs heavily in favor of continuing resolving both the claim and defense in the first filed forum, we find the parties should resolve their patent dispute in the Florida District where it began. In the accompanying Order, we grant a motion to transfer venue to the first filed district to resolve the claims between the patent holder and alleged infringer.

**I.   Facts relating to jurisdiction and venue.**

Roadie, Inc. is a Delaware Corporation with its principal place of business in Atlanta, Georgia.[1] Bags, Inc. is a Florida corporation with its principal place of business in Orlando, Florida.[2] On July 6, 2017, Bags, Inc. accused Roadie of infringing on United States Patent No. 9,659,336 ("'336 patent") based on Roadie's use of its delivery network.[3]

Baggage Airline Guest Services, Inc. is a Florida corporation with its principal place of business in Orlando, Florida.[4] On July 6, 2017, Baggage Airline sued Roadie for infringement of the '336 patent in the United States District Court for the Middle District of Florida ("Florida

Action").[5] Bags, not Baggage Airline, held the '336 patent at the time of filing the Florida Action.[6] On August 3, 2017, Roadie moved to dismiss the Florida Action arguing Baggage Airline lacked standing because it did not own the '336 Patent.[7] On the same day, Roadie filed this action seeking a declaratory judgment of non-infringement, invalidity, and unenforceability of the same '336 Patent ("Delaware Action").[8]

On August 24, 2017, Bags assigned the '336 patent to Baggage Airline and Baggage Airline sued Roadie again for patent infringement properly alleging its ownership of the '336 patent ("Second Florida Action").[9] The Honorable Roy B. Dalton, Jr. dismissed the Florida Action on September 1, 2017 because Baggage Airline was not a proper plaintiff and had already initiated the Second Florida Action post-assignment as the proper plaintiff.[10]

**II.     Analysis**

Baggage Airline and Bags now move to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction or in the alternative, to transfer this case to the Middle District of Florida.[11] We grant Bags's motion to dismiss for lack of subject matter jurisdiction because it is not the patent holder and transfer Roadie's declaratory judgment action to the Middle District of Florida.

**A. We dismiss the claim against Bags for lack of subject matter jurisdiction.**

Baggage Airline and Bags argue we lack subject matter jurisdiction over the action against Bags because it does not own the patents-in-suit and is not a license of the patents-in-suit. Roadie does not oppose the dismissal of Bags.

Absent opposition, and since Bags no longer exists as a corporation and assigned all of its rights to the '336 patent to Baggage Airline, Bags lacks standing to sue Roadie for patent infringement. Bags is not a proper party here and we dismiss the claims against Bags for lack of

subject matter jurisdiction.

## B. The first-to-file rule favors transfer to the Middle District of Florida.

Roadie argues they may proceed in the Delaware Action because it filed suit twenty-one days prior to the Second Florida Action. Baggage Airline argues the first-to-file rule applies in its favor because Roadie filed the Delaware Action prior to the dismissal of Baggage Airline's Florida Action.

"The first-to-file rule is used to dismiss or stay a later-filed action" and applies when "there are parallel proceedings in different federal courts, the first court in which jurisdiction attaches has priority to consider the case."[12] Generally, "the court which first has possession of the subject matter must decide it."[13] The first-to-file rule serves the purpose of avoiding duplicative litigation over the same subject matter.[14] Our court of appeals instructs the first-to-file rule "is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, [anticipatory filing] *or* forum shopping."[15] In *EEOC v. University of Pennsylvania*, the Equal Employment Opportunity Commission refused to modify a subpoena against the University of Pennsylvania and threatened to institute an enforcement hearing if the University failed to comply.[16] Three days before the Commission's deadline to institute the enforcement hearing, the University filed suit in the District of Columbia.[17] The court held the first-to-file rule "is based on principles of comity and equity" and "should not apply when at least one of the filing party's motives is to circumvent and preempt an imminent subpoena enforcement action."[18] The court determined upholding such an action would promote an "unseemly race to the courthouse" with anticipatory filing.[19]

The facts, on close examination, compel finding Roadie's Delaware Action is anticipatory warranting application of the first-to-file rule. Baggage Airline filed the Florida

Action on July 6, 2017.[20] While the Florida Action was pending, Roadie filed the Delaware Action on the same day it move to dismiss the Florida Action. Roadie filed the Delaware Action in anticipation of the Florida action being dismissed for lack of subject matter jurisdiction. Baggage Airline decided not to amend its first filing but instead filed the Second Florida Action correcting the issue regarding its standing to sue.[21] Acknowledging the properly filed Second Florida Action, the Judge Dalton, Jr. dismissed the Florida Action.[22]

Similar to *EEOC v. University of Pennsylvania*, where the court applied first-to-file when University filed its action in an attempt to circumvent the opposing party's ability to file an unfavorable action, we find Roadie's Delaware Action anticipatory. Although the first-to-file rule supports transferring to the Middle District of Florida, "the requirements of 28 U.S.C. § 1404(a) must also be met."[23] We now assess the appropriateness of transferring this case to the Middle District of Florida under 28 U.S.C. § 1404(a).

### C. We transfer this defensive declaratory judgment action to the Middle District of Florida.

Baggage Airlines and Bags ask us to transfer this action to the Middle District of Florida. We find the parties' private interests and the public interest favors transfer to the Middle District of Florida.

For the convenience of the parties, we may transfer to "any district or division in which [this action] could have been brought."[24] In a declaratory judgment action "for patent noninfringement and invalidity, [venue] is governed by the general venue statute, 28 U.S.C. § 1391(b) and (c), and not the special patent infringement venue statute, 28 U.S.C. § 1400(b)."[25] Under § 1391(b), a civil action can be brought: (1) in a district where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) where a defendant is subject to the

4

court's personal jurisdiction, if no other proper venue exists under (1) or (2).[26] A corporation resides wherever the court has personal jurisdiction over it.[27]

"[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[28] Roadie's "choice of venue should not be lightly disturbed."[29] "[T]he burden of demonstrating that the alternative forum is more appropriate than the current one" rests on the defendant.[30]

We must "balance both public and private interests to determine whether 'the litigation would more conveniently proceed and the interest of justice be better served by transfer'" to the Middle District of Florida.[31] Private interests include: the plaintiff's preferred forum "as manifested in the original choice, […] the defendant's preference, […] whether the claim arose elsewhere, […] the convenience of the parties as indicated by their relative physical and financial condition, […] the convenience of witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, […] and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)."[32] Public interests include: "the enforceability of judgment […] practical considerations that could make the trial easy, expeditious, or inexpensive […] the relative administrative difficulty in the two for a resulting from court congestion […] the local interest in deciding local controversies at home […] the public policies of the fora […] and the familiarity of the trial judge with the applicable state law in diversity cases."[33]

> **1. Roadie could have sought declaratory relief in the Middle District of Florida.**

Roadie could have brought the Delaware Action in the Middle District of Florida because Baggage resides in Florida. Baggage Airline is incorporated in Florida and its principal place of

5

business is in Orlando, Florida.[34] Accordingly, we will analyze whether the *Jumara* factors favor transfer to the Middle District of Florida.

### 2. Roadie's preference

Generally, we defer to the plaintiff's choice of forum and require the defendant "to demonstrate that the interests of justice and convenience weigh *strongly* in favor of transfer."[35] But, "[t]he existence of a related action in another district is a sound reason for favoring transfer when venue is proper there, even though the transfer conflicts with the plaintiff's choice of forum."[36] Because we find Roadie's Delaware Action anticipatory under the first-to-file rule, Roadie's choice of forum in our District is entitled to less deference.

### 3. Baggage Airline's forum preference.

Baggage Airline prefers to litigate in the Middle District of Florida where the Second Florida Action is pending. Typically, a defendant's choice of forum is entitled to less deference compared to the plaintiff's choice. Because Roadie filed the Delaware Action while the Florida Action was still pending in violation of the first-to-file rule, we find Baggage Airline's preference of forum weighs in favor of transfer.[37]

### 4. The claim arose in the Middle District of Florida.

A patent infringement claim "arises wherever someone has committed acts of infringement, to wit, 'makes, uses, offers to sell, or sells any patented invention' without authority."[38] "While the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue,[39] if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor."[40] In *In re Hoffmann-La Roche, Inc.*, the plaintiff brought a patent infringement action in the Eastern District of Texas against a company who developed an allegedly infringing drug in

6

North Carolina and sold the drug nationwide.⁴¹ The court transferred the action to the Eastern District of North Carolina "where relevant books and documents are currently maintained" finding "it is undisputed that this case has no relevant factual connection to the Eastern District of Texas."⁴²

Similar to *Hoffmann-La Roche,* Baggage Airline admits, "Roadie is a mobile application that could be considered a national or global service."⁴³ Baggage Airline argues, "Roadie is known to have committed acts of infringement in the Middle District of Florida" and references Roadie's website indicating its availability to provide services to third parties within the Middle District of Florida.⁴⁴ Roadie admits it does business in Florida.⁴⁵ As in *Hoffmann-La Roche*, where the court found the action had more "significant connections" to North Carolina although the claim could have arisen anywhere in the nation the defendants conducted business, Roadie's involvement and business connections to Florida constitute "significant connections" to indicate the claim arose in the Middle District of Florida.

### 5. The Middle District of Florida is the more convenient forum for both Roadie and Baggage Airline.

Litigating in the Middle District of Florida is more convenient for Baggage Airline because it is located in Florida, and it maintains the Second Florida Action against Roadie in the Middle District of Florida.⁴⁶

Roadie is already litigating in Florida.⁴⁷ Roadie advertises and provides services to individuals in Florida, particularly Orlando.⁴⁸ Apart from Delaware being Roadie's place of incorporation, Roadie maintains no other contact with Delaware. Roadie is headquartered in Atlanta, Georgia, which is closer in distance to the Middle District of Florida than Delaware.⁴⁹ Given its closer proximity to Florida, its business contacts in Florida, and its lack of contacts with Delaware, transfer to the Middle District of Florida does not inconvenience Roadie.

7

### 6. The public interest weighs in favor of transferring to the Middle District of Florida.

"[T]he presence of a related action in the transferee forum is such a powerful reason to grant a transfer that courts do so even where other *Jumara* factors, such as the convenience of parties and witnesses, would suggest the opposite."[50] Transfer is appropriate when two actions involve "precisely the same issues […] where there is a strong likelihood of consolidation with a related action."[51] Enabling "a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent."[52] In *Thompson v. Global Marketing Research Services, Inc.*, a class of Pennsylvania plaintiffs sued the defendant in the Eastern District of Pennsylvania during the pendency of another class action against the same defendant in the Middle District of Florida.[53] Applying the first-to-file rule, the court found transfer "will potentially result in more streamlined discovery and a more efficient resolution of claims" to "conserve judicial resources and be more convenient for the parties and witnesses."[54] The court also considered "even if a 'separate proceeding' is necessary, however, there is no reason that it should proceed before [the Eastern District of Pennsylvania]."[55]

Maintaining two lawsuits regarding the same subject matter on opposite sides of the county would be wasteful, inefficient, and improper. The practical considerations and benefits of having both lawsuits in the Middle District of Florida clearly weigh in favor of transfer. As in *Thompson*, where the court transferred the action to the district where the defendants were already litigating, we find transferring this action will enable "more efficient resolution of claims" and convenience to both Roadie and Baggage Airline and their witnesses.[56]

### III. Conclusion

Both the first-to-file rule and *Jumara* factors favor transfer to the Middle District of Florida. In the accompanying Order, we dismiss the claims against Bags, Inc. for lack of subject matter jurisdiction and transfer the remaining claims against Baggage Airline to the Middle District of Florida.

---

[1] ECF Doc. No. 1 at ¶ 2. Roadie, Inc. "is an 'on-the-way' delivery network, which makes use of excess capacity in vehicles already on the road, providing its users with cost effective, same day delivery, from third-party drivers delivering items on trips they were already taking." Roadie connects customers to third-party drivers by a web, iOS, or Android application.

[2] *Id.* at ¶ 4.

[3] *Id.* at ¶ 9.

[4] *Id.* at ¶ 3.

[5] *Id.* at ¶ 10.

[6] *Id.* at ¶ 11.

[7] *Baggage Airline Guest Services, Inc. v. Roadie, Inc.*, No. 17-1253, ECF Doc. No. 11 (M.D. Fla. Aug. 3, 2017).

[8] ECF Doc. No. 1

[9] *Id.*

[10] *Baggage Airline Guest Services, Inc. v. Roadie, Inc.*, No. 17-1253, ECF Doc. No. 21 (M.D. Fla. Sept. 1, 2017).

[11] Because we transfer venue to the Middle District of Florida, we need not address Baggage Airline's personal jurisdiction argument. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962) (A court need not maintain personal jurisdiction over defendants to transfer venue).

[12] *FMC Corp. v. AMVAC Chemical Corp.*, 379 F.Supp.2d 733, 737 (E.D. Pa. 2005).

[13] *Crosley Corp. v. Hazeltine Corp.,* 122 F.2d 925, 929 (3d Cir.1941) (quoting *Smith v. McIver*, 22 U.S. 532, 535 (1824)).

[14] *Id*. at 930.

[15] *EEOC v. Univ. of Penn.*, 850 F.2d 969, 972 (3d Cir.1988) (citing *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475-76 (3d Cir. 1942)).

[16] *Univ. of Penn.*, 850 F.2d at 972-73.

[17] *Id*. at 973.

[18] *Id*. at 978.

[19] *Id*. (quoting *Consolidated Rail Corp. v. Grand Trunk Western R. Co.*, 592 F.Supp. 562, 568-69 (E.D. Pa. 1984)).

[20] *Baggage Airline Guest Services, Inc. v. Roadie, Inc*., No. 17-1253, ECF Doc. No. 1 (M.D. Fla. Jul. 6, 2017)

[21] *Id*. at 2.

[22] *Id.* at 1.

[23] *Thompson v. Global Marketing Research Services, Inc.*, No. 15-3576, 2016 WL 233702, *3 (E.D. Pa. 2016) (citing *Keating Fibre Intern Int'l v. Weyerhaeuser Co., Inc.*, 416 F.Supp. 2d 1048, 1052-53 (E.D. Pa. 2006)).

[24] 28 U.S.C. § 1404(a).

[25] *Bristol-Myers Squibb Co. v. Mylan Pharms., Inc*., No. 17-379, 2017 WL 3980155, at *6 n.8 (D. Del. 2017).

[26] 28 U.S.C. § 1391(b).

[27] 28 U.S.C. § 1391(c)(2).

[28] 28 U.S.C. § 1404(a).

[29] *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir.1995).

[30] *Id*.

[31] *Maximum Human Performance, Inc. v. Dymatize Enterprises, Inc.*, No. 09-235, 2009 WL 2778104, *4 (D.N.J. 2009) (citing *Jumara,* 55 F.3d at 879).

[32] *Jumara*, 55 F.3d at 879.

[33] *Id*. at 879-80.

[34] ECF Doc. No. 1 at ¶ 3.

[35] *Smart Audio Technologies, LLC v. Apple, Inc.*, 910 F.Supp. 2d 718, 726 (D. Del. 2012).

[36] *Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.*, No. 09-2552, 2009 WL 1845236, *5 (E.D. Pa. 2009) (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990)); *See also Snythes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 459 (E.D. Pa. 2013) ("Where a related action is pending in another forum, the plaintiffs' choice is entitled to less deference.").

[37] *Snythes*, 978 F. Supp. at 459.

[38] *Cellectis S.A. v. Prevision Biosciences, Inc.*, 858 F.Supp. 2d 376, 381 (D. Del. 2012).

[39] *In re Hoffmann-La Roche, Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (citing *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008)).

[40] *Id*. at 1338 (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009)).

[41] *Id*. at 1335.

[42] *Id*. at 1338.

[43] ECF Doc. No. 9 at 19.

[44] *Id*.

[45] ECF Doc. No. 16 at 15.

[46] ECF Doc. No. 1 at ¶ 3; ECF Doc. No. 9 at 2-3.

[47] *Baggage Airline Guest Services, Inc. v. Roadie*, No. 17-1549, ECF Doc. No. 1 (M.D. Fla. Aug. 24, 2017).

[48] ECF Doc. No. 9 at 15-17.

[49] ECF Doc. No. 1 at ¶ 2.

[50] *Villari*, 2009 WL 1845236, at *5.

[51] *Id.* (citing *Prudential Ins. Co. of Am. v. Rodano*, 493 F.Supp. 954, 955 (E.D. Pa. 1980)).

[52] *Ferens*, 494 U.S. at 531.

[53] *Thompson*, 2016 WL 233702, at *1-2.

---

[54] *Id.* at *5.

[55] *Id.*

[56] *Id.*